MEMORANDUM **
Teresa Davalos-Guitron, a native and citizen of Mexico, petitions for review of *733 the Board of Immigration Appeals’ (“BIA”) decision dismissing her appeal from an immigration judge’s denial of her application for withholding of removal and relief under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the agency’s decision unless the evidence compels a contrary conclusion. Molina-Estrada v. INS, 293 F.3d 1089, 1093 (9th Cir.2002). We deny the petition.
Substantial evidence supports the agency’s determination that a fundamental change in circumstances rebutted the presumption that Davalos-Guitron was eligible for withholding of removal. See 8 C.F.R. § 1208.16(b)(l)(i)(A) (government may rebut presumption of a clear probability of future persecution with evidence of a fundamental change in circumstances such that applicant’s life or freedom would not be threatened). Davalos-Guitron’s contention that she is eligible for withholding of removal for humanitarian reasons fails because the discretionary relief available under 8 C.F.R. § 1208.13(b)(l)(iii) only applies to requests for asylum. See 8 C.F.R. § 1208.13 (agency may grant asylum in the exercise of discretion where “[t]he applicant has demonstrated compelling reasons for being unwilling or unable to return to the country arising out of the severity of the past persecution”). Accordingly, her withholding of removal claim fails.
The BIA employed the correct standard when evaluating Davalos-Guitron’s CAT claim. See Zheng v. Ashcroft, 332 F.3d 1186, 1194 (9th Cir.2003) (“[acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity.”) (internal quotation marks and citation omitted) (alteration in original). Furthermore, substantial evidence supports the agency’s denial of CAT relief because Davalos-Guitron failed to establish that it is more likely than not that she will be tortured if she returns to Mexico. See id.
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provid *733 ed by 9th Cir. R. 36-3.